### HEARD _v._ THE STATE.

1. A sheriff has no authority to attest an affidavit in forma pauperis, made for the purpose of avoiding the payment of costs in the Supreme Court.
2. On the trial of an indictment for altering a teacher's license, brought under the act approved December 18, 1900 (Acts 1900, p. 69), evidence that the accused uttered the altered instrument in the county in which he was indicted will, in the absence of any evidence as to where the actual alteration took place, establish prima facie the venue of the crime charged as in that county.

Argued October 17, — Decided November 10, 1904.

Indictment for altering school license. Before Judge Seabrook. Bryan superior court. June 4, 1904.

_W. B. Stubbs_, for plaintiff in error.

_Livingston Kenan, solicitor-general_, contra.

CANDLER, J. The accused was convicted, under the act approved December 18, 1900 (Acts 1900, p. 69), of the offense of altering a public school license. He moved for a new trial, which was denied, and he excepted.

Before proceeding to a discussion of the merits of the case, we deem it advisable to pass upon a question raised upon the call of the case by the clerk of this court, as to the sufficiency of the affidavit in forma pauperis accompanying the record and made for the purpose of bringing the case up. That affidavit was in the usual form, but was attested by the sheriff of Bryan county, in which county the case was tried. Sheriffs in this State have no general power to administer oaths. Their authority in this respect is defined by the Civil Code, § 4382, and under that sec-

tion they may administer oaths only in cases "where, in discharge of the duties of the office of sheriff, it may be legal for them to take bond and security, or any affidavit which by law suspends the further execution of process in their hands." An affidavit in forma pauperis does not fall within any of the contingencies named in the section from which we have quoted. It does not even suspend the further execution of a criminal process in the hands of the sheriff; for the judgment of the court is superseded by the order of the judge passed upon the filing of the motion for a new trial. The only office of the pauper affidavit is to save the party making it from the payment of costs in the Supreme Court which he is unable to pay; and we are compelled to hold that the clearly-defined duties of the sheriff, as laid down in the Civil Code, do not include the power to attest affidavits of this sort. It is accordingly held that the affidavit in forma pauperis filed in this case is invalid.

The only question raised by the motion for a new trial which requires treatment here is as to whether the venue of the offense charged was sufficiently proved to warrant the conviction. It was uncontradicted that a teacher's license was altered, and that the altered instrument was uttered by the accused. The accused introduced no evidence, but relied on his statement, which was to the effect that the license in question was altered by some one else, and was used by him unconsciously, through a mistake caused by the license becoming mixed with his papers. The license was uttered in Bryan county, but there was no evidence whatever as to where the actual alteration took place. The offense under consideration is statutory, and not subject to the general rules relating to forgery and uttering a forged instrument. Uttering a forged or altered teacher's license is not comprehended by the statute; the evil sought to be corrected being the actual forging or altering, or the procuring or aiding in the actual forging or altering. In the nature of things it is always difficult, and generally impossible, to prove the venue of the actual physical forgery or alteration of an instrument. The forger is usually a bird of passage, and does not remain long in one place. He does not ply his trade in the open, and eye-witnesses to his unlawful acts are extremely rare. For these reasons it is essential, in order that justice may be done and the guilty punished, that proof of

the venue be made by proof of circumstances, from which evidence it may be inferred.· And it would seem only reasonable that evidence that a forged instrument was uttered in a given county would, in the absence of evidence to the contrary, warrant the inference by the jury that the forgery itself was committed in that county. Thus, in United States v. Britton, 2 Mason, 464, 24 Fed. Cas. No. 14650, it was held: "A check drawn in Philadelphia on Boston, in favor of the prisoner, who was then in Philadelphia, and who produces the check altered in Boston, if there be no evidence that it was altered elsewhere, it is prima facie evidence that it was altered in Massachusetts, that being the first State·where it is known to be altered." See also Spencer v. Commonwealth, 2 Leigh (Va.), 751; Henderson v. State, 14 Tex. 503. In the present case there was evidence showing that at different times the accused had been in other counties than the one in which he was tried and in which the altered instrument was shown to have been uttered, but there was an entire lack of evidence as to where the actual alteration took place. Applying the principles already announced, we conclude that there was sufficient evidence to warrant the finding that the venue of the crime was in Bryan county. See, in this connection, Johnson v. State, 62 Ga. 299; Long v. State, 118 Ga. 319; 2 Bish. Cr. Proc. (3d ed.) § 480.

<em>Judgment affirmed. All the Justices concur.</em>