### 4872. HARRISON v. THE STATE.

The intent to defraud being an essential element in the offense of forgery, and affirmative proof thereof being necessary to authorize a conviction, and there being no proof of such intent in the present case, the verdict of guilty was unauthorized.

DECIDED JUNE 25, 1913.

Indictment for forgery; from Glynn superior court—Judge Conyers. March 15, 1913.

*J. T. Powell, Thomas & Gibbs,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

POTTLE, J. The accused was convicted of forging his employer's name to an order, upon which he received a check which he admits he cashed. He claims that the money received from the check was expended for the benefit of his employer, by buying feed for live stock belonging to the employer. The State was bound to show an intent to defraud. The employer does not positively deny re-

ceiving and using the feed, and the circumstances indicated that he did. It was wrong to sign the employer's name to the order without his consent, but unless there was an intent to defraud, no crime was committed. The circumstances indicating that the prosecutor was not in fact defrauded, the conviction was unauthorized.

*Judgment reversed.*