## 36231. GOLDSTEIN v. THE STATE.

TOWNSEND, J. 1. Special grounds of an amended motion for a new trial which are disapproved by the trial court, or which are incomplete within themselves, will not be passed upon by this court. *Yancy* v. *State,* 173 *Ga.* 685 (3) (160 S. E. 867); *Cathey* v. *State,* 28 *Ga. App.* 666 (4) (112 S. E. 915). A ground of a motion for new trial complaining of the illegal admission of evidence must set forth the evidence objected to in substance. *Clare* v. *Drexler,* 152 *Ga.* 419 (2) (110 S. E. 176). Accordingly, special grounds 3, 5, and 18 which do not set forth the evidence sought to be excluded, and grounds 4, 6, 7, 8, 9, 10, 11 and 16 which were disapproved by the trial court present no questions for decision here.

2. In the absence of request it is not reversible error for the court to fail to charge on (a) the definition and application of the term "reasonable doubt" (*Sims* v. *State,* 203 *Ga.* 668 (1), 47 S. E. 2d 862); (b) confessions, where the evidence of guilt is not limited to the confession (*Miles* v. *State,* 182 *Ga.* 75 (2), 185 S. E. 286); or (c) impeachment of witnesses (*Douberly* v. *State,* 184 *Ga.* 573 (5), 192 S. E. 226). Special grounds 17, 19 and 20 are accordingly without merit.

3. While venue is jurisdictional and must be proved beyond a reasonable doubt, it may be proved by circumstances, and, where there is nothing in the record to indicate that any other county than that in which the trial is proceeding was the county of venue, slight evidence may be sufficient to carry the burden. In the present case involving an indictment in three counts for forgery of applications for hospitalization insurance, it appears that the defendant resided in Baldwin County, that his insurance debit was in that county; that the persons, doctors and hospital staff whose names were allegedly forged resided in Baldwin County where the hospitals were located, and that the defendant generally mailed in his claims, which mail bore the postmark of Milledgeville which is in Baldwin County. The evidence as to venue was accordingly sufficient. As stated in *Heard* v. *State,* 121 *Ga.* 138, 140 (48 S. E. 905): "It would seem only reasonable that evidence that a forged instrument was uttered in a given county would, in the absence of evidence to the contrary, warrant the inference by the jury that the forgery itself was committed in that county." See also *Long* v. *State,* 118 *Ga.* 319 (2) (45 S. E. 416); *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630); *Cody* v. *State,* 69 *Ga.* 743; *Dickerson* v. *State,* 186 *Ga.* 557 (199 S. E. 142). The mere fact that the claims had to be mailed or taken to the office of the insurance company in Bibb County, nothing more appearing, does not establish venue in that county rather than in Baldwin where the trial was conducted.

4. On the basis of the counterfeit hospitalization claims received by it the insurance company issued from its office in Macon three checks made payable to the insured which were forwarded to the defendant and endorsed for payment by him. In special grounds 2 and 14 the introduction of these checks in evidence is objected to on the ground that they have to do with another offense for which the defendant has been indicted but not tried, and because they are irrelevant, immaterial and prejudicial. These checks incidentally tended to show that the defend-

ant had also forged the names of the payees thereon; however, they were admitted in evidence for the purpose of showing guilt, not of an independent crime, but of the crime with which the defendant was charged in that they showed a plan, scheme and device to defraud the insurance company. "To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish." *Cawthon v. State,* 119 *Ga.* 395 (5) (46 S. E. 897); *Saunders v. State,* 172 *Ga.* 770 (16) (158 S. E. 791); *Tucker v. State,* 180 *Ga.* 87 (1) (178 S. E. 152); *Loughridge v. State,* 181 *Ga.* 261 (1) (182 S. E. 12) and citations. "The intent to defraud being an essential element in the offense of forgery and affirmative proof thereof being necessary to authorize a conviction," a record showing no proof of such intent will demand a reversal of the conviction. *Harrison v. State,* 13 *Ga. App.* 31 (78 S. E. 686). Such intent may be shown by a subsequent act, such as indorsing or selling the instrument alleged to be forged. *Hoskins v. State,* 11 *Ga.* 92; *Berrisford v. State,* 66 *Ga.* 53. The issuance of checks in payment of the forged claims, for the purpose of obtaining which the original forgeries were committed, was properly introduced in evidence.

5. Special grounds 12 and 13 assign error on the overruling of motions for a mistrial because (a) a witness for the State testified: "I told Mr. Goldstein if he went ahead and took his medicine that I felt like the punishment would be much more lenient, the people would respect him all the more," and (b) a question put to the witness by the solicitor as to whether it was the defendant's duty to sign another person's name to the insurance claims. In both instances the jury was instructed to disregard the matter objected to, and the testimony was ruled out. Therefore, regardless of whether or not anything improper came before the jury in the first instance, the rulings were favorable to the defendant and nothing reached the ears of the jury of such prejudicial nature as to demand a mistrial. These grounds are without merit.

6. In special ground 15 error is assigned on the admission of testimony by a handwriting expert that the hand-printed signature of the defendant and the hand-printed signature on the same application for insurance by the claimant named therein were made by the same person. There is no merit in the contention that the proper foundation had not been laid for this testimony in that it was not shown by the witness who the person was who printed the two signatures. Since normally the signatures of the applicant and the insurance agent would be the signatures of two different persons, and since it was shown that the applicant named had in fact no knowledge of the insurance application; that the application was false; that it was turned in to the office by the defendant and the check in payment thereof was received and cashed by the latter, and since there was a proper foundation laid for qualifying the witness as a handwriting expert, this testimony was admissible as a circumstance indicating that a single person (which was shown by other testimony to have been the defendant) had forged the applications for the purpose of obtaining the sums paid in satisfaction of the claims.

7. In addition to the evidence referred to in the foregoing divisions of this opinion, there is evidence that the defendant admitted the transactions,

stated that his ambition got the better of him and that he started filing these claims so as to get money to keep arrearages up to date and make a good record with the company. The evidence as a whole authorized the verdict, and the general grounds are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 20, 1956—REHEARING DENIED OCTOBER 4, 1956.

*Wilbur B. Nall, W. George Thomas,* for plaintiff in error.
*George D. Lawrence, Solicitor-General,* contra.