## 50720. HEARD v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of the offense of escape.

1. The first two enumerated errors were decided adversely to the appellant in his companion appeal, *Heard v. State,* ante.

2. The trial judge erred in permitting the sheriff, whose name did not appear upon the list of witnesses as furnished to the defendant, to testify over the defendant's objection. The fact that the witness previously called by the state for the purpose of establishing venue, was unable to testify definitely in that regard, did not make the sheriff's testimony as to venue such "newly-discovered evidence" as would justify its admission without the defendant's consent under the provisions of Code § 27-1403 (as amended by Ga. L. 1966, pp. 430, 431). See *Smith v. State,* 130 Ga. App. 390, 392 (4) (203 SE2d 375). It was the duty of the prosecuting attorney to ascertain before furnishing the list of witnesses to the defendant the quantum of proof of venue required and capable of being adduced by the witness or witnesses specified to be called. Nor did the admission of this testimony constitute harmless error. "Venue is a jurisdictional fact and must be proved clearly and beyond

a reasonable doubt." *Green v. State,* 123 Ga. App. 286, 287 (3) (180 SE2d 564) and cits. The testimony of the only witness whose name was furnished to the defendant for the purpose of proving venue, did not come up to the standard required by *Green,* supra.

*Judgment reversed. Deen, P. J., and Evans, J., concur.*

SUBMITTED MAY 21, 1975 — DECIDED SEPTEMBER 2, 1975.

*Boone & Scott, Joseph A. Boone,* for appellant.
*Joe Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.