## 58750. McCARTY v. THE STATE.

SHULMAN, Judge.

Defendant was indicted, tried, and found guilty in Muscogee County of a violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). We reverse.

1. Appellant contends that the evidence adduced at trial failed to establish the court's proper venue over the defendant. Since we must conclude that venue was artificially created, we agree with appellant's contentions and, accordingly, reverse the judgment of the court below.

The facts in the instant case showed that appellant was a resident of Sumter County and that the purported "deal" between defendant and the undercover officers of Muscogee County and their informant for the purchase of marijuana from the defendant was negotiated in Sumter County. The evidence showed that defendant was in possession of the marijuana in Sumter County but that, at the direction of the undercover officers, loaded the marijuana into the trunk of the officers' car. The officers then drove the vehicle (in which the defendant was a passenger) across five county lines with the marijuana still in the trunk of the car. Since the undercover officers had sole possession of the trunk key, they had exclusive access to the marijuana in the trunk. It was not until they reached Muscogee County (where the officers had promised to pay defendant for the marijuana) that defendant was placed under arrest for violation of the Georgia Controlled Substances Act.

Under these facts we are constrained to agree with appellant's contention that the police officers' activities in maneuvering appellant into Muscogee County for the purpose of obtaining venue constituted a subterfuge and impermissibly conferred apparent venue over the defendant in Muscogee County. Pretermitting whether or not defendant could be found to have "possessed" marijuana in Muscogee County (in that he was without

access to the trunkload of marijuana, the police officers exercising exclusive dominion and control over the trunk and car) (see in this regard *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872)), the court's judgment must be reversed on the basis of the court's lack of proper venue.

In the absence of any explanation by the state for the arrest being effected in Muscogee County (compare *State v. Swift,* 232 Ga. 535 (207 SE2d 459)), we must conclude that appellant was transported to Muscogee County for no purpose other than to effect an arrest in the officers' jurisdiction. Thus, by their own acts, law enforcement officials created the events conferring venue in Muscogee County, which venue would not have been proper had the arrest been effected in Sumter County. This they cannot do. See *Hardwick v. State,* 149 Ga. App. 291 (254 SE2d 384).

If we allow county law enforcement officers to indiscriminately cross county lines, without a proper showing of justification or authority therefor, then we serve only to emasculate those provisions in our Code delineating the jurisdiction of county law enforcement officers. See Code Ann. § 23-1403. Although it is not our intent to discourage effective and zealous law enforcement, it is necessary that such law enforcement comply with notions of justice and that it be accomplished within the parameters of our constitution and laws.

Venue is an essential element of a crime, and it must be proved beyond a reasonable doubt. *Willis v. State,* 43 Ga. App. 394 (1) (159 SE 141); *Heard v. State,* 135 Ga. App. 687 (2) (218 SE2d 867). We cannot allow officers of the law to "create" an essential element of a crime. For this reason, the judgment of the trial court must be reversed.

2. In his second enumeration of error, appellant contends that the judgment of the trial court must be reversed, in that the conduct of the law enforcement officers was so outrageous, in violation of the principles of due process, that appellant's conviction cannot stand. Since this issue is related to appellant's contentions of error in his first enumeration, upon which we based our reversal in Division 1, we will not specifically address this enumeration. However, we do note that the fact that the informant who put the officers in contact with defendant was on a contingency fee arrangement with the officers

did not, per se, violate due process. *Talbott v. State,* 148 Ga. App. 171 (1) (251 SE2d 126).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

. ARGUED OCTOBER 3, 1979 — DECIDED DECEMBER 5, 1979 —

*John Oliver Ellis, Jr., James K. Jenkins,* for appellant.

*William J. Smith, District Attorney, Richard C. Hagler, Assistant District Attorney,* for appellee.

*Frank K. Martin,* amicus curiae.