A89A1646. THE STATE v. BARBER.
(388 SE2d 350)

Sognier, Judge.

Fred W. Barber, Jr. was indicted in Fulton County on four counts of violating the Georgia Medical Assistance Act by falsifying reports claiming reimbursement for prescriptions. He entered a plea of not guilty and filed a plea to the jurisdiction, alleging improper venue. The trial court dismissed the indictment for improper venue and the State appeals.

The relevant facts, as stipulated by the parties, are as follows: Appellee owns and operates a pharmacy in Pierce County. He has been a Medicaid provider since July 1977 under an agreement with the Georgia Department of Medical Assistance (DMA) requiring him to dispense medications permitted by DMA to eligible Medicaid recipients. He then prepares lists containing the name of the Medicaid recipient and the name and quantity of the drug dispensed and submits these lists to DMA for reimbursement. The indictment in the case at bar alleges that in 1987, appellee filled prescriptions for Medi-

caid recipients for drugs not eligible for reimbursement, listing in his report in their stead medications permitted by DMA.

The sole question presented for review is that of proper venue for trial of a defendant charged with the violation of OCGA § 49-4-146.1 (b) (2), which provides that "[i]t is unlawful . . . [f]or any provider knowingly and willfully to accept medical assistance payments to which he is not entitled or in an amount greater than that to which he is entitled, or knowingly and willfully to falsify any report or document required under this article." The State contends the trial court erred by dismissing the indictment for improper venue because the statutory scheme clearly contemplates the submission of documents to the offices of DMA, which are in Fulton County. The State argues that where the indictment charged appellee with falsifying reports "sent" to DMA, the acts of "sending" and "submitting" determine venue. We do not agree, and affirm the trial court's order.

"The constitutional and statutory law of this State require that all criminal cases be tried in the county where the crime was committed unless otherwise provided by law. Art. VI, Sec. II, Par. VI, Ga. Const. of 1983; OCGA § 17-2-2." *Schiefelbein v. State,* 258 Ga. 623 (373 SE2d 354) (1988). As OCGA § 49-4-146.1 provides no specific statutory venue, to determine proper venue we must decide where the crime was committed. Our review of both the statute and the indictment persuade us that the crime, in this case, consisted of the act of "falsifying," rather than the act of "submitting" or "sending," and thus we conclude that the crime was committed in Pierce County and venue is proper there. We agree with appellee and the trial court that the technique set forth in *United States v. Mendel,* 746 F2d 155 (2d Cir. 1984), i.e., " '[studying] the key verbs which define the criminal offense in the statute,' [cits.]," id. at 164 (3), is helpful in determining venue in doubtful cases. However, in making our determination we also find authority in Georgia case law.

We find the case sub judice analogous to *Goldstein v. State,* 94 Ga. App. 437 (95 SE2d 47) (1956), in which the appellant, who lived in Baldwin County, was indicted and convicted in Baldwin County for forging hospital insurance claims he had mailed to his insurance carrier's office in Bibb County. This court affirmed the trial court's ruling that venue was proper in Baldwin County, rejecting appellant's contention that the criminal act had been committed in Bibb County, and holding that "[t]he mere fact that the [forged] claims had to be mailed or taken to the office of the insurance company in Bibb County, nothing more appearing, does not establish venue in that county rather than in Baldwin where the trial was conducted." Id. at 437 (3). We find distinguishable on their facts *Rose v. State,* 4 Ga. App. 588 (62 SE 117) (1908) (disapproved on other grounds, *R. M. Rose & Co. v. State,* 133 Ga. 353 (65 SE 770) (1909)); *Bowler v. State,*

145 Ga. App. 633 (244 SE2d 142) (1978), and *Thayer v. State*, 189 Ga. App. 321 (376 SE2d 199) (1988), cited by the State. Those cases, in which this court held that venue was proper in counties where the defendants did not reside, involved the solicitation of orders for intoxicating liquors (*Rose*) and several schemes to defraud consumers in violation of the Georgia Securities Act (*Bowler* and *Thayer*), and thus the essence of the crime in each of those cases was the *communication* or *solicitation* of the offer to the consumer. As pointed out by appellee, solicitation, "like the tango, . . . takes two," whereas the crime in the case at bar, falsifying a document, does not.

The charges in this case having been brought in Fulton County, we find no error by the trial court in dismissing the indictment for improper venue.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 — 

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Joyce M. Averils, Doris L. Downs*, Assistant District Attorneys, for appellant. *Jack J. Helms, Robert H. Walling*, for appellee.