## S90G0272. THE STATE v. BARBER.
(394 SE2d 353)
### ORDER OF COURT.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari, and the writ is therefore vacated.

*All the Justices concur.*

WELTNER, Justice, concurring.

I concur in vacating the grant of certiorari.

The Court of Appeals considered only the venue for the trial of a defendant charged with the violation of OCGA § 49-4-146.1 (b) (2).[1]

I write to point out that, under the indictment, Barber also could be tried for violating OCGA § 49-4-146.1 (b) (1) (A).[2] Venue for the trial of a defendant charged with violating this code section would be the county where a false report was submitted and processed in an attempt to obtain medical assistance.

### DECIDED JUNE 22, 1990.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellant.
*Jack J. Helms, Jr., Robert H. Walling,* for appellee.

---

[1] It is unlawful . . . [f]or any provider knowingly and willfully to accept medical assistance payments to which he is not entitled or in an amount greater than that to which he is entitled, or knowingly and willfully to falsify any report or document required under this article.

[2] It is unlawful: For any person to obtain or attempt to obtain for himself or any other person any medical assistance or other benefits or payments under this article to which the person is not entitled, or in an amount greater than that to which the person is entitled, when the assistance, benefit, or payment is obtained, or attempted to be obtained, by: (A) Knowingly and willfully making a false statement or false representation. . . .