A97A0761. THE STATE v. JOHNSON.
(487 SE2d 677)

SMITH, Judge.

This appeal presents the issue of whether venue may be laid in Fulton County for charges of violating OCGA § 16-10-20 (false statement in a matter within the jurisdiction of a department of the State) by using false documents executed in Lanier County by the accused and mailed to State offices in Fulton County. The trial court found that venue is proper only in Lanier County and granted Carolene Johnson's plea to the jurisdiction and motion to dismiss the indictment against her. We agree with the trial court and affirm.

Johnson was charged in Fulton County on a 66-count indictment involving the crimes of false statements and false swearing. The charges stemmed from Johnson's operation of a driver improvement clinic in Lakeland in Lanier County for persons convicted of DUI. Regulated by the Georgia Department of Human Resources, the school issued certificates of completion for students who completed certain courses. The students submitted the certificates to the Department of Public Safety to apply for driver's license reinstatement.

The indictment alleged that Johnson issued certificates of completion to some students who paid her but did not attend or complete the mandated course and that she sent the documentation to the State as though the student had properly met the requirements. For each of twenty-two students, the indictment charged Johnson with three different crimes: using a false statement in a matter within the jurisdiction of a department of the State (OCGA § 16-10-20) by knowingly causing a false certificate of completion to be sent to DPS; using a false statement in a matter within the jurisdiction of a department

of the State by knowingly causing a false class roster to be sent to DHR that indicated that the student had attended the class when the student had not; and false swearing (OCGA § 16-10-71) by knowingly and wilfully executing the false class roster. Each count in the indictment recited that Johnson had committed the crime in Fulton County, although it is undisputed that Johnson executed the documents at issue in Lanier County.

The State concedes that the trial court was correct in placing venue in Lanier County with regard to the charges of false swearing. It challenges only the trial court's ruling with regard to the 44 counts of false statements. As to those charges, the State contends the trial court erred in ruling that venue was improper in Fulton County. The State argues that even though the false statements were *made* in Lanier County, it charged Johnson only with *using* the false statements, and the *use* occurred in Fulton County. We do not agree.

First, the statute lists three ways in which the crime may be committed: if one "knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government." OCGA § 16-10-20. The term "using" in the statute's list of prohibited conduct appears clearly to address a situation in which the accused uses false documents that were prepared by another. After all, if one has *made* the false statement, one's conduct has already violated the statute; an allegation of "using" it is unnecessary.

Second, the State is attempting to "manufacture" venue in Fulton County. We condemned such artificially created venue in *McCarty v. State*, 152 Ga. App. 726 (1) (263 SE2d 700) (1979). In *McCarty*, Muscogee County law enforcement officers negotiated a drug "deal" with McCarty in Sumter County, where McCarty was in possession of the drugs. At the direction of the officers, he then loaded the contraband in the trunk of the officers' car and accompanied them to Muscogee County, where he was arrested and charged. This Court reversed on the ground that the officers had maneuvered McCarty into Muscogee County simply for the purpose of obtaining venue. "[B]y their own acts, law enforcement officials created the events conferring venue in Muscogee County. . . . This they cannot do." Id. at 727 (1).

Although the facts in this case are less extreme, they are nonetheless analogous. Johnson did not "use" the statements within the meaning of the statute. The State *required* her to send the documents to Fulton County; sending them to Fulton County was of no "use" to Johnson. Permitting the State to lay venue in Fulton County

would lead to an "appearance of abuses, if not to abuses, in the selection of what may be deemed a tribunal favorable to the prosecution." *United States v. Johnson*, 323 U. S. 273, 275 (65 SC 249, 89 LE 236) (1944).

Finally, and perhaps most importantly, " '[t]he constitutional and statutory law of this State require that all criminal cases be tried in the county where the crime was committed unless otherwise provided by law. Art. VI, Sec. II, Par. VI, Ga. Const. of 1983; OCGA § 17-2-2.' [Cit.]" *State v. Barber*, 193 Ga. App. 397, 398 (388 SE2d 350) (1989). Here, as in *Spray v. State*,[1] 223 Ga. App. 154 (476 SE2d 878) (1996) and *Barber*, supra, common sense and case law lead us to the same conclusion: if Johnson committed crimes at all, their essence was not in mailing documents to the State's address in Fulton County. The gist of the charged crimes was in the falsification of documents. That was done in Lanier County. The trial court was therefore correct in ruling that venue lies in Lanier County.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1997 — 

 Before Judge Langham.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Deputy Attorney General, Stacey K. Hydrick, Assistant Attorney General*, for appellant.

*J. Converse Bright*, for appellee.

[1] We note that the appellant in *Spray v. State* was represented by the same counsel who represents appellee here.