## S97G1681. THE STATE v. JOHNSON.
### (499 SE2d 56)

HUNSTEIN, Justice.

We granted certiorari in this case to consider the construction the Court of Appeals gave to OCGA § 16-10-20 in *State v. Johnson,* 226 Ga. App. 836 (487 SE2d 677) (1997). For the following reasons we reverse that court.

Carolene Johnson was indicted in Fulton County and charged, in 44 counts, with the offense of false statement in a matter within the jurisdiction of a department of the State. OCGA § 16-10-20. That statute sets forth three ways to commit the crime of false statement: (1) when a person knowingly and wilfully falsifies a material fact; (2) when a person makes a false, fictitious, or fraudulent statement or representation; or (3) when a person "makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry." Id. This appeal involves the third way of violating OCGA § 16-10-20.

---

It was alleged that Johnson, while operating a school in Lanier County that provided education and intervention programs for people convicted of driving under the influence, falsified the certificates of completion and the class rosters for 22 persons so as to indicate they attended and completed required programs when they had not done so. However, Johnson was not indicted for *making* the false documents; rather, the 44 counts of the indictment specifically charged Johnson with "knowingly and willfully *us[ing]* a false document, knowing the same to contain a false statement, by causing the document to be submitted" either to the Department of Public Safety (as to the 22 counts regarding the certificates of completion[1]) or to the Department of Human Resources (as to the 22 counts regarding the class rosters[2]).

1. We agree with the State that the Court of Appeals erred when it held that a charge of "using" a false document under OCGA § 16-10-20 applies only to a person who uses a false document that was prepared by another. *State v. Johnson*, supra at 837. While the Court of Appeals correctly noted that the person who makes a false document containing the false statement has already violated the statute, id., nothing in the plain language of OCGA § 16-10-20 restricts the State to prosecuting the maker solely for the falsification itself, when the maker also violates the statute by using the falsified document.[3]

> [S]tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation, [cit.], and this principle is particularly compelling when interpreting criminal statutes. [Cit.]

*State v. Luster*, 204 Ga. App. 156, 158 (1) (a) (ii) (419 SE2d 32) (1992). Even construing OCGA § 16-10-20 strictly against the State, see generally *Jowers v. State*, 225 Ga. App. 809 (2) (484 SE2d 803) (1997), the language therein unambiguously prohibits an individual from making or using any false writing or document, without regard to the identity of the individual who initially made or subsequently used

---

[1] The certificates of completion must be submitted to DPS in order for individuals convicted of DUI to obtain reinstatement of their driver's licenses. OCGA § 40-5-63 (a) (1).

[2] Class rosters are among the documents which schools providing DUI education/intervention programs are required to submit to DHR. See OCGA § 40-5-83 (e); Rules and Regulations of the State of Georgia, Vol. V, Rules of Department of Human Resources, Rule 290-4-10-.14 (4) (a).

[3] We are not here faced with, and intimate no opinion on, whether an individual can be convicted under OCGA § 16-10-20 for both making *and* using the same false document. In this case, Johnson is charged only with using the false documents she made.

the false document. Because there is no limitation placed on the prohibited conduct of "making or using" false documents in OCGA § 16-10-20, the statutory language does not support the Court of Appeals' holding that prosecution for use of a false document is limited to those situations in which an accused uses false documents prepared by another. *State v. Johnson*, supra at 837. Where statutory language is plain and unequivocal and leads to no absurd or impracticable consequence, the court has no authority to place a different construction upon it. See generally *Holden v. State*, 187 Ga. App. 597 (2) (370 SE2d 847) (1988). It thus follows that under OCGA § 16-10-20, all individuals who use a false writing or document, knowing it to contain any false, fictitious or fraudulent statement or entry, in any matter within the jurisdiction of the State or its political subdivisions, may be charged with violating the statute.

2. We hold that venue for the prosecution of OCGA § 16-10-20 for the use of a false document is proper in the county in which the document was submitted for use, even if the person charged with using the false document made the document in another county. As was noted in *State v. Barber*, 193 Ga. App. 397, 398 (388 SE2d 350) (1989), "(studying) the key verbs which define the criminal offense in the statute is helpful in determining venue in doubtful cases." (Citations and punctuation omitted.) In OCGA § 16-10-20, the key distinction is whether an indictee has been charged with "making" or with "using" the document. Where the criminal act involves the making of a false document, the essence of the crime is the act of falsification itself, which is an act separate and distinct from submitting, sending or using the falsified document. Hence, in *State v. Barber*, supra, venue for the falsification of medical assistance documents under OCGA § 49-4-146.1 (b) (2) was properly found to be in the county where the falsification occurred. See also *Spray v. State*, 223 Ga. App. 154 (2) (476 SE2d 878) (1996) (venue for charge of making a false writing properly in county where false document was made; "[s]ending the [falsified] form to [another county] did not make appellant's false attestations any *more* false· or add in any way to the offense as described in the statute." Id. at 157 (2).). Where the criminal act involves the use of a false document, the essence of the crime is the act of submitting, presenting or otherwise employing the false document in any matter within the jurisdiction of the State or political subdivision, an act which is separate and distinct from the act of falsification. Accord *State v. Barber*, 260 Ga. 269 (394 SE2d 353) (1990), where, in contrast to venue for the falsification of medical assistance benefits under OCGA § 49-4-146.1 (b) (2), it was recognized that venue for the obtaining of medical assistance benefits under (b) (1) of that statute would be "the county where a false report was submitted and processed in an attempt to obtain medical assistance." Id., Weltner, J., concurring.

3. Contrary to the Court of Appeals' holding, the State here could not be deemed to be "manufacturing" venue in an improper county when it indicted Johnson on a charge of false statement by means of the use of a false writing or document since the State charged Johnson in the very county where the certificates and class rosters were required by statute to be used. Finally, in light of the provisions of OCGA §§ 16-2-20 (party to a crime) and 16-2-21 (prosecution of party who did not directly commit the crime), we find no merit in Johnson's argument that dismissal of the indictment as to the 22 counts involving her alleged use of the false certificates should be upheld on the basis that she herself did not submit the certificates but only provided them to the truant individuals who then physically submitted them to the DPS. "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto." Id. It is not necessary that the State allege §§ 16-2-20 and 16-2-21 in the indictment. *State v. Military Circle Pet Center*, 257 Ga. 388 (360 SE2d 248) (1987); see also *Jenkins v. State*, 172 Ga. App. 715 (4) (324 SE2d 491) (1984).

Accordingly, we reverse the Court of Appeals' affirmance of the trial court's grant of Johnson's plea to the jurisdiction and dismissal of the indictment.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Thurbert E. Baker, Attorney General, Michael E. Hobbs, Counsel to Attorney General, Stacey K. Hydrick, Assistant Attorney General,* for appellant.

*J. Converse Bright,* for appellee.