### A01A0517. JONES v. THE STATE.
(545 SE2d 145)

PHIPPS, Judge.

Marquinn Jones appeals his conviction of possession of cocaine with intent to distribute in Cherokee County. Relying on *McCarty v. State*,[1] he contends that he was entitled to a directed verdict of acquittal because undisputed evidence shows that law enforcement authorities lured him into Cherokee County solely for the purpose of obtaining venue. We find this case to be distinguishable from

---

punitive damages); *Byrne v. Reardon*, 196 Ga. App. 735, 736 (3) (397 SE2d 22) (1990).
[13] See OCGA § 9-3-33.
[1] 152 Ga. App. 726 (1) (263 SE2d 700) (1979).

*McCarty* and affirm.

Officer Ollie Cushing was the State's key witness. He is employed by the Cherokee County Sheriff's Department and is assigned to a multi-agency task force investigating narcotics activity in Cherokee County. Sheila Stancil, an inmate of the county jail, acted as an undercover operative for Cushing. On the day in question, she summoned him to the jail and told him that she could obtain delivery of crack cocaine from a seller in Atlanta.

According to Cushing, Stancil paged Jones in Atlanta. When he returned the page to Cushing's cellular phone, Stancil asked him to come to Canton and bring her $500 worth of crack cocaine. Cushing testified that although Jones initially appeared reluctant to journey to an unfamiliar town, he eventually agreed to make the delivery if Stancil would provide him with a taxi. Stancil, however, was unable to locate a taxi that would travel to Jones's location. She called Jones and so informed him. As a result, Cushing thought that the deal had reached an impasse. But Jones called Stancil back and told her that he could make a connection with the taxi she was providing.

En route to Canton in the taxi, Jones called Stancil numerous times to apprise her of his progress and to obtain directions to their meeting spot in Canton. After Jones arrived in Canton and was identified by Stancil, he was arrested. Approximately seven grams of cocaine were found in his possession.

In *McCarty*, undercover agents from Muscogee County went into Sumter County, negotiated a marijuana purchase from the defendant, loaded the marijuana into the trunk of the officers' car, drove the vehicle (in which the defendant was a passenger) to Muscogee County, and arrested him there. Pretermitting whether the evidence supported a finding that the defendant "possessed" marijuana in Muscogee County,[2] we reversed the judgment of conviction based on lack of proper venue.[3] We held that to allow county law enforcement officers to indiscriminately cross county lines, without a proper showing of justification or authority, would emasculate Georgia's statutory provisions delineating jurisdiction of county law enforcement officers.[4]

This case is distinguishable. Here, unlike *McCarty*, the officers did not cross county lines and take control of the defendant and contraband outside their jurisdiction. An undercover operative in Cherokee County merely called Jones in Atlanta and asked him to deliver

---

[2] Compare *United States v. Johnson*, 323 U. S. 273 (65 SC 249, 89 LE 236) (1944); *State v. Johnson*, 226 Ga. App. 836 (487 SE2d 677) (1997), rev'd, 269 Ga. 370, 372 (2) (499 SE2d 56) (1998).

[3] *McCarty v. State*, supra, 152 Ga. App. at 726-727.

[4] Id. at 727.

crack cocaine for sale in Cherokee County, to which he agreed. Whether Jones could have been arrested outside Cherokee County is debatable, as Stancil did not identify him until he entered the county. Unquestionably, Jones possessed cocaine with intent to distribute in Cherokee County. Therefore, venue there was proper.[5]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 6, 2001.

*Abernathy & Ballinger, Eric A. Ballinger*, for appellant.
*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.