S02G0997. THE STATE v. KELL.
S02G1144. THE STATE v. CASH.
(577 SE2d 551)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in these consolidated cases to determine where venue lies in the prosecution of cases of Medicaid fraud committed by a fraudulent scheme or device under OCGA § 49-4-146.1 (b) (1) (C). We hold that venue is proper in any county where an act was committed in furtherance of the fraudulent transaction. To the extent that the Court of Appeals reached a contrary conclusion in *Culver v. State,* 254 Ga. App. 297 (1) (b) (562 SE2d 201) (2002) and *Cash v. State,* 254 Ga. App. 718 (2) (563 SE2d 459) (2002), those cases are reversed.

*Case No. S02G0997*

In one count of a multi-count indictment returned in Fulton County, Michael J. Kell was charged with obtaining Medicaid benefits by a fraudulent scheme or device under OCGA § 49-4-146.1 (b) (1) (C).[1] The indictment alleged a fraudulent scheme which consisted of ordering urine drug screens for Medicaid recipients which were medically unnecessary, illegally processing those tests in a laboratory owned by Kell, and falsifying that fact when submitting claims for reimbursement by Medicaid. These acts occurred in Kell's office in Fulton County, and Kell sought reimbursement from Medicaid by

---

[1] Kell and codefendant Michael D. Culver were jointly indicted and tried in Fulton County. They were both convicted as charged and filed consolidated appeals in the Court of Appeals. Culver's conviction for Medicaid fraud under OCGA § 49-4-146.1 (b) (1) (C) was reversed because the evidence was legally insufficient to support the verdict. *Culver,* supra at 310 (5). Because Culver is not subject to retrial for this offense, see *Priest v. State,* 265 Ga. 399 (1) (456 SE2d 503) (1995), the issue presently under consideration by this Court is not applicable to him. However, Kell's case bears Culver's name.

means of electronic billings from that location. The electronic billings were received and processed by Electronic Data Systems (EDS), the fiscal agent for Medicaid, located in DeKalb County. The processed Medicaid checks were accepted by Kell in Fulton County and some of those funds were deposited into a bank account in Fulton County.

Kell was tried in Fulton County, and was found guilty as charged. Although finding that the evidence was sufficient to support the verdict for Medicaid fraud, the Court of Appeals determined that reversal of that conviction was required because venue lies in DeKalb County where the fraudulent claims were received and processed by EDS. *Culver*, supra at 302 (1) (b).[2]

## Case No. S02G1144

JoAnn Cash was charged, tried, and convicted in Glynn County of two counts of Medicaid fraud under OCGA § 49-4-146.1 (b) (1) (C). Cash operated two counseling centers, one in Glynn County and one in Fulton County. The indictment alleged that Cash fraudulently submitted claims and received payment from Medicaid for services which were not performed or were not reimbursable under the program. Some of that documentation was generated in the Glynn County office. These requests for medical assistance payments were electronically transmitted to EDS in DeKalb County. The electronic billings were received and processed by EDS in DeKalb County where reimbursement checks were prepared and mailed to Cash. Those payments were accepted by Cash at one of her two offices. Relying on *Culver*, supra, the Court of Appeals reversed Cash's convictions, holding that venue did not lie in Glynn County, but in DeKalb County where the requests for medical assistance payments were submitted and processed. *Cash*, supra at 721 (2).

As noted above, defendants Kell and Cash were charged in separate indictments with violating OCGA § 49-4-146.1 (b) (1) (C) of the Georgia Medical Assistance Act ("Act"), OCGA § 49-4-140 et seq., in that they obtained payments under the Act to which they were not entitled or in amounts greater than which they were entitled by use of a "fraudulent scheme or device."[3] Both indictments specified overt

---

[2] Kell's remaining convictions were affirmed. *Culver*, supra.

[3] In addition to OCGA § 49-4-146.1 (b) (1) (C), other forms of Medicaid fraud are set forth in the statute. Subsection (b) (1) (A) is violated when a person obtains payments by "[k]nowingly and willfully making a false statement or false representation"; subsection (b) (1) (B) is violated when a person obtains or attempts to obtain payments to which they are not entitled by "[d]eliberate concealment of any material fact." Under OCGA § 49-4-146.1 (b) (2) it is unlawful for a "provider knowingly and willfully to accept medical assistance payments to which he is not entitled or in an amount greater than that to which he is entitled, or knowingly and willfully to falsify any report or document required under this article." We do not reach the question of venue for alternative forms of Medicaid fraud under the statute.

acts in furtherance of the scheme to defraud which occurred in the counties in which the indictments were brought.

The Act contains no specific statutory venue provision. In the absence of such a provision, venue is determined by Art. VI, Sec. II, Par. VI of the Georgia Constitution which provides: "all criminal cases shall be tried in the county where the crime was committed." OCGA § 17-2-2 (a) gives effect to this constitutional mandate by providing that "[c]riminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law." Thus, in determining the appropriate venue for the prosecution of Medicaid fraud, we look to where the "crime was committed."

The proscribed conduct in both cases was the "obtaining" of medical assistance payments to which one is not entitled by means of a "fraudulent scheme or device." OCGA § 49-4-146.1 (b) (1) (C). Studying "the key verbs which define the criminal offense in the statute is helpful in determining venue in doubtful cases." (Citations and punctuation omitted.) *State v. Johnson*, 269 Ga. 370, 372 (2) (499 SE2d 56) (1998). The verb "obtain" is defined in Webster's Third New International Dictionary as "to gain or attain possession . . . by some planned action or method." Thus, at its inception the offense is committed by a plan or scheme to obtain the illegal payments, and it is concluded when the proceeds are attained. It is, therefore, an ongoing crime which occurs in any county in which an act in furtherance of the crime is committed. Since under OCGA § 49-4-146.1 (b) (1) (C) it is also unlawful for one to "attempt to obtain" illegal payments by use of a fraudulent scheme or device, it would be illogical to require prosecution only where the claims are processed because in the case of attempted Medicaid fraud the crime may never reach that level of completion. In Kell's case, venue would have been proper either in Fulton County where the scheme was hatched, overt acts in furtherance thereof were performed, and payment was received, or in DeKalb County where the fraudulent electronic transmissions were sent. For the same reasons, in Cash's case, venue would be proper either in Glynn, Fulton or DeKalb Counties.

Neither *Johnson*, supra, nor *State v. Barber*, 260 Ga. 269 (394 SE2d 353) (1990) compels a contrary result. In those cases, any discussion of venue in the context of prosecutions under OCGA § 49-4-146.1 (b) (1) is contained merely in dicta and thus is not binding with regard to the issue presently before the Court. In fact, in *Barber*, supra, we unanimously vacated a writ of certiorari as improvidently granted, and the only reference to venue under OCGA § 49-4-146.1

---

But see *State v. Barber*, 193 Ga. App. 397 (388 SE2d 350) (1989) (venue for the falsification of medical assistance documents under OCGA § 49-4-146.1 (b) (2) was found to be in the county where the falsification occurred).

426

(b) (1) was in a single-Justice concurrence which was both dicta and which lacks any precedential value. Thus, this Court has not, until now, spoken definitively on the issue of venue in Medicaid fraud prosecutions under OCGA § 49-4-146.1 (b) (1) (C).

In accordance with the foregoing, we now hold that prosecutions for Medicaid fraud under OCGA § 49-4-146.1 (b) (1) (C) may be brought in any county in which an act in furtherance of the crime took place.

*Judgments reversed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003 —
RECONSIDERATION DENIED MARCH 28, 2003.

*Case No. S02G0997*

■■■■■■■■■■■■■■■■

*Thurbert E. Baker, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General,* for appellant.
*Leonard L. Franco, Thomas C. Rowsey*, for appellee.

*Case No. S02G1144*

■■■■■■■■■■■■■■■■

*Thurbert E. Baker, Attorney General, Michael D. Johnson, Assistant Attorney General*, for appellant.
*James A. Yancey*, for appellee.