## A01A2339. KELL v. THE STATE.
(585 SE2d 915)

RUFFIN, Presiding Judge.

1. Michael J. Kell was convicted in Fulton County of Medicaid fraud pursuant to OCGA § 49-4-146.1 (b) (1) (C). In *Culver v. State*,[1] we reversed Kell's conviction on the ground that venue was improper. The Supreme Court subsequently reversed that ruling in *State v. Kell*,[2] finding venue appropriate in Fulton County, where the fraudulent scheme "was hatched, overt acts in furtherance thereof were performed, and payment was received." As stated in *Kell*, "prosecutions for Medicaid fraud under OCGA § 49-4-146.1 (b) (1) (C) may be brought in any county in which an act in furtherance of the crime took place."[3]

Accordingly, our decision in Division 1 (b) of *Culver v. State* is vacated, the judgment of the Supreme Court is made the judgment of this Court, and the judgment of the trial court regarding venue is affirmed. The Supreme Court's reversal does not affect Divisions 1 (a), 1 (c), or 2 through 8 of our *Culver* opinion.

2. Given the reversal, however, we must now address Kell's challenge to his sentence for Medicaid fraud.[4] The trial court sentenced Kell to ten years on probation and, as a condition of that probation, ordered him to pay a $50,000 fine. On appeal, Kell argues that the trial court erred in fining him $50,000, which exceeds the maximum amount authorized for violations of OCGA § 49-4-146.1 (b) (1) (C).

We disagree. Under OCGA § 17-10-8,

[i]n any case where the judge may, by any law so authorizing, place on probation a person convicted of a felony, the judge may in his discretion impose a fine on the person so

---

[1] 254 Ga. App. 297, 302-303 (1) (b) (562 SE2d 201) (2002).
[2] 276 Ga. 423, 425 (577 SE2d 551) (2003).
[3] Id. at 426.
[4] See *Culver*, supra at 304 (1) (d).

convicted as a condition to such probation. The fine shall not exceed $100,000.00 or the amount of the maximum fine which may be imposed for conviction of such a felony, *whichever is greater*.[5]

Kell correctly asserts that the statutory maximum fine for a violation of OCGA § 49-4-146.1 (b) (1) (C) is $10,000.[6] Kell's $50,000 fine, however, is a condition of his probation. And Medicaid fraud is a felony offense.[7] Thus, OCGA § 17-10-8 authorized the trial court to impose — as a probation condition — a fine up to $100,000. It follows that the trial court did not err in sentencing Kell.[8]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 24, 2003.

*Furlong & Franco, Leonard L. Franco, Thomas C. Rowsey*, for appellant.
*Thurbert E. Baker, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General*, for appellee.