S07A0679. McKINNEY v. THE STATE.
S07A0700. WALTER v. THE STATE.
(647 SE2d 44)

MELTON, Justice.

William Dennis McKinney and Nancy Allison Walter ("Defendants") were indicted in Gwinnett County for multiple misdemeanor violations of the Georgia Ethics in Government Act (Ethics Act). See OCGA § 21-5-9. More specifically, the Defendants were accused of failing to register with the State of Georgia Ethics Commission after they organized an independent committee to oppose the election of Kevin Kenerly as a Gwinnett County Commissioner. See OCGA § 21-5-34 (a). The Defendants were also accused of failing to file certain disclosure reports and contribution reports with the Ethics Commission. See OCGA § 21-5-34 (f). The Defendants filed general demurrers to the indictment as well as motions to dismiss in which they argued that venue did not lie in Gwinnett County. The trial court denied Defendants' demurrers and motions, and this Court granted Defendants' application for an interlocutory appeal to review this decision. Because we now find that Fulton County is the proper venue in this case, we hold that the trial court erred by denying the Defendants' motion to dismiss the indictments against them.

"Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt." (Citation omitted.) *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). To determine venue in this case, one must start with the language of the statute in question. OCGA § 21-5-34 (a) (1) (A) provides:

> The candidate or the chairperson or treasurer of each campaign committee organized to bring about the nomination or election of a candidate for any office except county and

municipal offices or the General Assembly and the chairperson or treasurer of every campaign committee designed to bring about the recall of a public officer or to oppose the recall of a public officer or designed to bring about the approval or rejection by the voters of any proposed constitutional amendment, state-wide proposed question, or state-wide referendum shall sign and file with the [State Ethics C]ommission the required campaign contribution disclosure reports.

In addition, OCGA § 21-5-34 (f) (1) mandates that an independent committee "shall file disclosure reports" with the State Ethics Commission regarding contributions and expenditures. OCGA § 21-5-9 criminalizes the failure to file these reports, stating that "[e]xcept as otherwise provided in this chapter, any person who knowingly fails to comply with or who knowingly violates this chapter shall be guilty of a misdemeanor."

Though it specifically provides for venue in cases of civil violations (see OCGA § 21-5-8), the Ethics Act contains no similar provision regarding venue for criminal violations of its provisions. Article VI, Section II, Paragraph VI of the 1983 Georgia Constitution mandates that "all criminal cases shall be tried in the county where the crime was committed." This requirement is codified at OCGA § 17-2-2 (a). In this case, then, venue is proper in the county where the defendant knowingly fails to file the required reports with the State Ethics Commission. OCGA § 21-5-9. To determine this situs, analogous federal law is instructive. "The Supreme Court has consistently held that 'where the crime charged is the failure to do a legally required act, the place fixed for performance fixes the situs of the crime.'" *United States v. DiJames*, 731 F2d 758, 762 (11th Cir. 1984), citing *Johnston v. United States*, 351 U. S. 215, 220 (76 SC 739, 100 LE2d 1097) (1956).

In *DiJames*, the defendant was indicted in the Northern District of Georgia for failing to file a certain trusteeship report with the Federal Labor Department located in Washington, D. C. The defendant challenged venue, and the Eleventh Circuit agreed with the defendant's contention that, "[s]ince the required trusteeship reports must be filed with the Secretary of Labor in Washington, D. C., and the alleged offense was failure to file these reports . . . the only proper venue . . . was Washington, D. C." *DiJames*, supra, 731 F2d at 761.

This conclusion is consistent with the Supreme Court's prior decision in *United States v. Lombardo*, 241 U. S. 73 (36 SC 508, 60 LE2d 897) (1916). In *Lombardo*, the defendant was being prosecuted for failure to file a certain document with the Commissioner General of Immigration. There, the United States argued that venue was proper either in Washington, D. C. or in the federal district where the

defendant resided and could have placed the required disclosure form in the U. S. mail for delivery to the Commissioner General. The Supreme Court rejected this argument, holding that, because the act in question gave no specific definition for the word "file," its common meaning was applicable. Using this common meaning, it was determined that the failure to file was not a continuing offense and that filing occurred only when a paper was physically delivered to the necessary office, not when the document was mailed. The Supreme Court further found that, as a corollary, the act of failing to file would also occur at the situs of the office where the document was required to be filed.

In the case now before us, the statutes in question required Defendants to file reports with the State Ethics Commission, which is exclusively located in Fulton County. In enacting this law, the Legislature provided no definition for the act of filing and included no statutory component to the crime which would qualify it as a continuing offense. Compare *State v. Kell*, 276 Ga. 423 (577 SE2d 551) (2003) (venue for Medicaid fraud). As a result, under the statute as it is currently written, the only proper venue in this case was Fulton County, the county where the State Ethics Commission is located and the disclosure reports in question are required to be filed. Therefore, the trial court erred by denying Defendants' motion to dismiss the indictment.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 25, 2007.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Balch & Bingham, Michael J. Bowers, J. Tom Morgan, McKenney & Froelich, Jerome J. Froelich, Jr.,* for appellants.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney,* for appellee.

*Thurbert E. Baker, Attorney General, DeBraé C. Kennedy, Assistant Attorney General,* amici curiae.