60458. RADNEY v. THE STATE.

SMITH, Judge.

Appellant was convicted of simple battery. See Code § 26-1304. He contends that the evidence does not support the verdict. In addition, appellant asserts that the trial court erred in failing to charge the jury on the justification defense set forth in Code § 26-904 (a) (use of force in defense of property) and in excluding certain testimony. We affirm.

1. The evidence, including an eyewitness account, clearly supported the verdict. Appellant's assertions on appeal regarding the sufficiency of the evidence are nothing more than an attack upon the credibility of the witness: "The credibility of a witness is a matter left to the jury." *Turner v. State,* 235 Ga. 826, 828 (221 SE2d 590) (1976); *Parker v. State,* 145 Ga. App. 205, 206 (243 SE2d 580) (1978).

2. Any objection to the trial court's failure to charge on Code §

26-904 (a) has been waived. Upon completing the charge to the jury, the trial court inquired as to whether counsel had any objection to the charge. Appellant's counsel responded in the negative. "Under the recent decision of the Supreme Court in *White v. State,* 243 Ga. 250 (1979), this failure to except to the charge constitutes a waiver of defendant's right to enumerate error . . . as to a failure to charge." *Mayfield v. State,* 150 Ga. App. 807 (258 SE2d 613) (1979).

3. On cross examination of a state's witness, the following exchange took place: "Q. How many jobs have you had as a mechanic in this 20 years? A. You mean — Q. How many different places have you worked? A. About four. I was at Reddick — Q. How long did you work at Reddick? A. I was at Reddick Motors for ten years. Q. Why did you leave there? MR. COLE: Your Honor, if it please the Court, we object to this. We don't think it's relevant to go on and on about his relationship with Reddick Motors because we don't think that would be relevant to the charges. THE COURT: What do you say to that? MR. DENTON: Well, I'm on cross-examination, just looking into this man's background and history. I think I have a wide latitude to do that. THE COURT: You have a wide latitude on cross-examination, Mr. Denton, but I don't believe that's relevant. I sustain the objection." Appellant contends the trial court's ruling constitutes reversible error since "[t]he expected answer would have been that he (the witness) was always getting drunk and starting fist fights and brawls which would have been relevant testimony to show the witness was vicious and unmanageable which would cause any reasonable man to apprehend that he and his associates were coming to create trouble."

Appellant made no attempt to apprise the court of the "expected" answer. When the trial court afforded counsel an opportunity to respond to the state's objection, counsel replied that he was "just looking into this man's background and history." The relevancy of counsel's line of questioning was not apparent.

"The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown that there has been an abuse of that discretion. No abuse is disclosed by this record. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895) (1966); *Gravitt v. State,* 220 Ga. 781 (6) (141 SE2d 893) (1965)." *Davis v. State,* 230 Ga. 902, 904 (199 SE2d 779) (1973).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED
NOVEMBER 13, 1980.

*Robert L. Cork,* for appellant.

*H. Lamar Cole, District Attorney,* for appellee.