## 65415. MINTON v. THE STATE.
## 65448. HOLMES v. THE STATE.

DEEN, Presiding Judge.

Scott William Minton and Jeffrey Wayne Holmes, inmates in the state penal system, were jointly tried with four codefendants for conspiracy to commit murder, conspiracy to commit arson in the first degree, and conspiracy to escape. During the trial, two of the codefendants were dismissed upon the state's motion and appellants were subsequently convicted on all counts.

1. Both Minton and Holmes contend that the trial court erred in denying their motions for a directed verdict of acquittal on all counts because the only evidence presented by the state to connect them to the crime was the testimony of Wells, an inmate who they claim was an accomplice, was uncorroborated; and that the evidence was

insufficient to support their convictions.

Both of these arguments are wholly without merit. While Wells testified that he knew about the conspiracy to burn the prison bus and escape and admitted that he planned to escape rather than remain on the bus to die in the fire, it does not follow that he had to be a participant in the conspiracy. In order to be an accomplice, a person must commit an overt act towards furtherance of the conspiracy and enter into the crime as a result of his own free will (not the result of duress or coercion which would overcome his free will). *Aimar v. State,* 116 Ga. App. 204 (156 SE2d 367) (1967); OCGA § 16-3-26 (Code Ann. § 26-906). Wells' plan to flee a burning prison bus rather than die is obviously not a free will choice to enter a conspiracy to escape. Moreover, even if Wells were an accomplice only slight evidence from another source identifying appellants as participants in the conspiracy is sufficient corroboration to support a jury verdict. *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976). Circumstantial evidence is also sufficient to corroborate the accomplice's testimony. *Gunter v. State,* 243 Ga. 651 (256 SE2d 341) (1979). The evidence showed that after the incident Holmes threatened the inmate who gave information about the conspiracy to the GBI and Minton threatened to kill Officer Wilkes who was assigned to his work detail and was the intended victim of the murder conspiracy. Evidence of the accused's conduct after the crime may raise the inference that he participated in the crime and thus sufficiently corroborates the coconspirator's testimony. *Berry v. State,* 248 Ga. 430 (283 SE2d 888) (1981); *Searcy v. State,* 162 Ga. App. 695 (291 SE2d 557) (1982). Whether one is an accomplice and the sufficiency of the corroboration are questions for the jury to decide. *Dickerson v. State,* 161 Ga. App. 178 (288 SE2d 131) (1982).

Although appellants contend otherwise, the state presented evidence to prove that appellants were incarcerated at Montgomery Correctional Institution, a state prison, and a jury could reasonably find that they were lawfully confined.

2. Both appellants claim that error was committed during the cross-examination of the GBI agent. Holmes contends that the court erred in denying his motion for a mistrial when GBI agent Loggins used a codefendant's statement to incriminate him and Minton claims that the court erred in refusing to allow him to point out to the jury that the statement taken by the GBI agent did not name him as one of the coconspirators.

The GBI agent took a confession from Wilson, one of the defendants, who stated that Wells and Holmes were present when a zip gun was test fired into a piece of plywood in the metal fabrication shop but named only defendant Reddington as being involved in the

conspiracy. Minton wanted to cross-examine Loggins about the names mentioned by Wilson and asked if Wells' name was mentioned in the statement. Loggins replied that it was and the court directed that the testimony be read. When the agent mentioned in the same sentence that Wilson mentioned Wells and Holmes, Holmes moved for a mistrial. The judge told Loggins to delete Holmes' name and Loggins testified that Wilson's statement simply indicated that Wells, Wilson and another inmate were present when the inmate test fired a gun.

The denial of Holmes' motion for a mistrial is within the discretion of the trial court. *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974). The transcript reveals that Holmes made his motion, but did not request any curative instructions and on appeal does not contend that any should have been given. As he has failed to show any harm, we find no error.

3. Minton also claims he was denied his right of cross-examination because the court would not permit him to ask the GBI agent if Wilson had mentioned Minton's name. Holmes and Reddington objected. The evidence showed that thirty inmates worked in the metal fabrication shop where the gun was test fired, and it is reasonable to infer that several non-conspiring inmates were present when the gun was fired. Pursuant to the rule set forth in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), and followed in *Depree v. State,* 246 Ga. 240 (271 SE2d 155) (1980), when an officer testifies about a confession taken from a codefendant, he is not permitted to name any of the other co-defendants mentioned in the confession and the confession may be edited so that it will not identify the other defendants who are on trial. Minton now argues that the court erred in denying his pre-trial motion to sever because he showed that his defense was antagonistic to that of his codefendants and that by applying the Bruton rule he could not call them as witnesses or cross-examine them.

The transcript shows that his pre-trial motion to sever was denied and that none of the defendants testified at trial and none of the defenses was antagonistic. The decision to sever is within the discretion of the trial court. *Johnson v. State,* 159 Ga. App. 819 (285 SE2d 252) (1981). One consideration in determining whether to sever is whether or not the defenses of the codefendants are antagonistic. *Knowles v. State,* 159 Ga. App. 239 (283 SE2d 51) (1981). When Minton was unable to develop allegedly favorable testimony from Wilson's confession, he was really claiming that the testimony would be favorable to him, not that antagonistic defenses were presented. Minton, however, did not renew his motion to sever when the court refused to allow him to cross-examine the agent as to whether his

name was included in the confession and he cannot raise this issue for the first time on appeal.

4. The trial court properly charged the jury on the law of conspiracy. The court gave the codal definition of conspiracy, OCGA § 16-4-8 (Code Ann. § 26-3201), and further charged that the issue of whether a conspiracy existed was an issue for the jury to determine. Contrary to appellant Minton's contention, the court charged that if the existence of a conspiracy has been shown only by the declarations of a coconspirator, the testimony should be disregarded. When this charge is considered as a whole, we find that the court fairly and accurately charged the applicable law. *Nash v. State,* 158 Ga. App. 791 (282 SE2d 358) (1981).

5. Minton's convictions and administrative punishment for the same acts do not constitute double jeopardy. *Hendrickson v. State,* 159 Ga. App. 628 (284 SE2d 645) (1981).

6. The trial court properly denied Minton's motion for mistrial made during the state's closing argument. During closing argument, counsel for two other defendants reminded the jury that nothing the lawyers said was evidence. The prosecution responded during its argument that the only documentary evidence was the documents admitted by the court and the only tangible evidence was the zip gun and plywood board. Minton claims that this argument was a comment on his failure to testify. We disagree. A prosecutor is permitted to argue that there is no evidence other than that produced by the state and that the evidence is unrebutted. *Montgomery v. State,* 159 Ga. App. 446 (283 SE2d 663) (1981); *Wood v. State,* 159 Ga. App. 221 (283 SE2d 79) (1981).

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 7, 1983 —
REHEARING DENIED JUNE 24, 1983 — 

*Richard D. Phillips,* for appellant (case no. 65415).
*Jack E. Carney, Jr.,* for appellant (case no. 65448).
*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney, Marion O. Gordon, William B. Hill, Assistant Attorneys General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.