66556. DAVIS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of two counts of selling marijuana. *Held:*

1. The general grounds are asserted.

A police officer testified that on two occasions she purchased marijuana from defendant. The substances purchased proved to be marijuana. Defendant denied commission of the offenses and presented evidence of alibi as to the first offense.

The evidence is sufficient to authorize a rational jury to find

defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in failing sua sponte to declare a mistrial because defendant's character was put in issue by two defense witnesses who, on cross-examination, stated that defendant had been in jail or in the penitentiary. "Since no motion for mistrial or request for corrective instructions was made in any of these instances, they provide no ground for reversal." Phillips v. State, 162 Ga. App. 199 (4), 200 (290 SE2d 142).

3. Defendant claims that he was denied effective assistance of counsel because his counsel failed to investigate and subpoena a witness defendant requested him to call.

On the day of the trial defense counsel prepared a subpoena for a police officer who had participated in defendant's arrest. Defendant and two defense witnesses attempted to serve the subpoena but were informed by the officer's mother that he did not live at the address. Shortly thereafter the officer apparently telephoned the defense counsel, who stated to the court that after discussing the matter with defendant, defendant did not want to pursue the matter any further. In testimony the defendant later stated that he had not decided not to have the officer appear as a witness.

" ' "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client," ' [Cit.] . . . The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense. [Cit.]" Fortson v. State, 240 Ga. 5 (1) (239 SE2d 335).

Other than the above described disagreement on whether the police witness should be called, the record reflects that defendant was effectively defended at trial. Therefore, we find no merit in this claim. Compare, Stripling v. State, 155 Ga. App. 636 (2) (271 SE2d 888).

Judgment affirmed. Sognier and Pope, JJ., concur.

DECIDED SEPTEMBER 7, 1983.

Stephen M. Friedberg, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, John W. Turner, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.