69215. LEDFORD v. THE STATE.
69216. DYER v. THE STATE.
(326 SE2d 834)

POPE, Judge.

After a trial by jury, appellant Ledford was convicted of three counts of violating the Georgia Controlled Substances Act. Counts I and III charged Ledford with the sale of marijuana; Count II with distributing marijuana. Appellant Dyer was charged with and convicted of selling marijuana for his part in the same incident giving rise to Ledford's conviction on Count III. Appellants were tried together. We will consider their appeals in this single opinion.

*Case No. 69215*

1. Appellant Ledford raises the general grounds. The evidence adduced by the State in support of appellant's conviction on each of the three counts is as follows: On September 7, 1983 Ledford was introduced by a confidential informant to undercover G.B.I. Agent Bruce Miller. The meeting took place on the grounds of the Pine Top Baptist Church in Union County. At the initial meeting, Ledford sold Miller a quantity of marijuana for $500. On September 11, 1983 Miller again met with Ledford at the Pine Top Baptist Church where Ledford provided Miller with a sample of Sinsemillia marijuana in anticipation of a later, larger purchase of marijuana by Miller from Ledford.

During the following nine to ten days, Ledford and Miller talked together to work out the details of a large purchase of marijuana. These conversations, by telephone as well as face-to-face, were tape recorded by Miller without Ledford's knowledge. At trial the jury was provided with transcripts of the tapes. The transaction was to occur on September 21, 1983 again on the grounds of the Pine Top Baptist Church. Due to the size of the purchase and large amount of money involved ($20,000), Ledford agreed that Miller would be accompanied by one person. Ledford told Miller that his brother-in-law had been helping him and would also be at the site of the planned buy. According to Ledford, his brother-in-law would be parked in his vehicle on a

nearby road adjacent to the church where Miller would deposit his passenger and then proceed the thirty-five yards to meet Ledford for the actual purchase. On Wednesday, September 21, 1983, all went exactly as Ledford and Miller had arranged except the size of the buy was $15,000. When Miller checked to be certain that he was buying marijuana, he paid Ledford and signalled a team of agents waiting in the surrounding woods to arrest Ledford.

Miller's passenger was Agent Cagle who joined Ledford's brother-in-law at the pre-determined spot. The brother-in-law, appellant Dyer, was parked in his pick-up truck with a twelve-gauge shotgun laying across his lap. Dyer told Cagle that he was squirrel hunting. Cagle testified that Dyer seemed nervous, glancing around into the woods and the rear-view mirror. At the time the stake-out team came out of the woods and proceeded toward Dyer's truck, Dyer started his engine and sped away, throwing his shotgun out of the vehicle. Dyer was arrested about a mile away. The license plate of his truck had been smeared with mud.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that any rational trier of fact could have found Ledford.guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Davis v. State*, 167 Ga. App. 764 (1) (307 SE2d 546) (1983); *Sankey v. State*, 167 Ga. App. 224 (306 SE2d 357) (1983).

2. Ledford asserts that the State failed to establish venue in Union County. However, testimony at trial showed that each offense occurred on the grounds of the Pine Top Baptist Church in Union County. We find this enumeration to be wholly without merit. See *Davenport v. State*, 165 Ga. App. 299 (300 SE2d 549) (1983); *Salter v. State*, 163 Ga. App. 655 (1) (294 SE2d 612) (1982).

3. Ledford contends that the trial court erred in refusing to grant a continuance to allow him to locate and procure a subpoenaed witness. The record reveals that no mention of a continuance was made until the close of the State's evidence. At that time, Ledford's counsel informed the trial court that his only witness was not present. The trial court offered to issue a rule for the witness, Cliff Cothren. Counsel had not spoken to Cothren who had purportedly been served with subpoena by Ledford. There was no return of service. According to Ledford's counsel, Cothren resided nearby, but previous efforts to find him that morning had been unsuccessful. Further, counsel stated that Cothren "may have skipped the country. I have no idea." Counsel informed the trial court that Ledford had told him that Cothren would testify that he had "set the whole thing up" and that Ledford had never before had any drug dealings with Cothren.

The trial court asked counsel how much time he wanted to locate the witness. Counsel answered fifteen minutes. A recess was called

and, when court reconvened, Ledford presented no evidence and rested his case. No objection nor further mention of continuance was made at trial.

Even assuming that Ledford actually moved for a continuance, we find no error in the trial court's refusal to continue the case. "A motion for continuance based on absence of a witness is addressed to the sound discretion of the trial judge and an appellate court will not interfere unless it is clearly shown it has abused its discretion. [Cit.] The moving party must make a showing of the requirements set forth in OCGA § 17-8-25 [cit.], i.e., the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay." *Grimes v. State*, 168 Ga. App. 372, 377 (308 SE2d 863) (1983). "Each of these requirements must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness." *Brown v. State*, 169 Ga. App. 520, 521 (313 SE2d 777) (1984). Pretermitting a discussion of the doubtful materiality of the expected testimony, Ledford failed to show that Cothren's testimony could be expected to be procured at the next term of court. We find no abuse of discretion in refusing to grant a continuance at trial nor any error in denying Ledford's motion for new trial on this ground. See *Tomlin v. State*, 170 Ga. App. 123 (5) (316 SE2d 570) (1984). See also *Lee v. State*, 154 Ga. App. 562 (4) (269 SE2d 65) (1980).

### Case No. 69216

4. Appellant Dyer bases his appeal on the trial court's denial of his motion to sever his trial from that of Ledford and subsequent refusal to grant his motion for new trial on that same ground.[1] OCGA § 17-8-4 provides in pertinent part that when two or more defendants are jointly indicted for a felony less than capital, "such defendants may be tried jointly or separately in the discretion of the trial court." "In exercising this discretion there are three elements which the trial court should consider. First, whether a joint trial will create confusion of evidence and law. Second, whether there is danger that evidence implicating one defendant will be considered against the other despite cautionary instructions to the contrary. Third, whether the co-defendants will press antagonistic defenses. *Cain v. State*, 235 Ga. 128 (218

---

[1] We note that Dyer's motion to sever was apparently filed prior to trial. Although no reference to nor disposition of the motion appears in the record, since Ledford and Dyer were tried together we assume it was denied.

SE2d 856) (1975).” *Jackson v. State*, 249 Ga. 751, 757 (295 SE2d 53) (1982). “The grant or denial of a motion for severance lies within the sound discretion of the trial court and its ruling will not be reversed absent clear abuse of such discretion. To warrant a severance, the defendants must show the probability of prejudice and may not present just argument that there is a better probability a separate trial would give them a better chance of acquittal. To obtain a new trial at the appellate level they must show actual prejudice and denial of due process.” *Stevens v. State*, 165 Ga. App. 814, 816 (302 SE2d 724) (1983).

We find no abuse of discretion in the denial of Dyer’s motion to sever, nor do we find that the joint trial resulted in actual prejudice to Dyer so as to deny him due process. Although the State submitted more evidence against Ledford than against Dyer, we do not believe it highly probable that Dyer was convicted as a result of a spillover of the greater volume of evidence adduced solely against Ledford. See *Parrish v. State*, 160 Ga. App. 601 (1) (287 SE2d 603) (1981). See also *Jackson v. State*, supra at (6); *Kelley v. State*, 248 Ga. 133 (3) (281 SE2d 589) (1981). Further, there is no showing that Ledford and Dyer presented antagonistic defenses. Ledford presented no evidence. Dyer testified that he knew nothing about the sale of marijuana which was taking place at the time he was parked at the Pine Top Baptist Church. He was, according to his testimony, simply squirrel hunting. Although Dyer asserts that Ledford’s failure to testify at their joint trial prevented him from adducing evidence favorable to Dyer, this does not amount to a situation in which antagonistic defenses are presented. See *Minton v. State*, 167 Ga. App. 114 (3) (305 SE2d 812) (1983); *Rampley v. State*, 166 Ga. App. 521 (2) (304 SE2d 574) (1983).

On his motion for new trial, Dyer presented not an affidavit but rather a letter purportedly written by Ledford which Dyer contends exonerates him. We disagree. While Ledford’s letter implicates another of his brothers-in-law, it does not exonerate nor explain Dyer’s presence at the proposed site of the sale in conformance with the prior plan between Ledford and Miller. The letter, instead, advances Ledford’s theory that he was entrapped. Additionally in his pre-trial motion to sever, Dyer alleges that Ledford would give testimony to exonerate him but for his refusal to testify at a joint trial. Dyer did not attempt to call Ledford as a witness at trial. No renewal of the motion to sever was made, nor did Dyer make a request for Ledford’s testimony out of the presence of the jury to show the trial court a necessity for severance. See *Minton v. State*, supra; *Johnson v. State*, 159 Ga. App. 819 (1) (285 SE2d 252) (1981).

The burden is on the defendant requesting a severance of trials to make a clear showing of prejudice and denial of due process. *Cain v. State*, supra. Under the facts here, we decline to disturb the trial

court's ruling in denying severance and appellant's motion for new trial since there is no showing that Dyer suffered such prejudice as to amount to a denial of due process. See *Chitwood v. State,* 170 Ga. App. 599 (1) (317 SE2d 589) (1984); *Harper v. State,* 166 Ga. App. 797 (1) (305 SE2d 488) (1983); *Robinson v. State,* 164 Ga. App. 652 (4) (297 SE2d 751) (1982); *Tookes v. State,* 159 Ga. App. 423 (5) (283 SE2d 642) (1981). See also *Duffy v. State,* 156 Ga. App. 847 (1) (275 SE2d 658) (1980).

*Judgments affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 13, 1985.

*Claude S. Beck,* for appellant (case no. 69215).
*Robbie E. Colwell,* for appellant (case no. 69216).
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.