## A96A2485. WEST v. THE STATE.
### (480 SE2d 238)

BLACKBURN, Judge.

Denson West appeals his conviction by a Brooks County jury of burglary, challenging the sufficiency of the evidence and the admission of the victim's pre-trial photographic lineup identification of him.

1. "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Punctuation omitted.) *Hight v. State*, 221 Ga. App. 574 (472 SE2d 113) (1996). To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewing the evidence in the light most favorable to the verdict, one of the victims, Mary Giddens, found a masked man holding a knife in her bedroom around midnight on May 28, 1995. The man was going through her purse. Giddens fled to her sister's bedroom, woke her, and explained the situation. Giddens' sister, Cora Dix, confronted the man, who had made his way to the locked front door. By this time the man had shed his mask, and Dix, who knew the intruder, recognized him as West. Although West told Dix to "go lie back down," Dix refused, and when West was unable to maneuver the locks on the door, Dix told him how to unlock the door. West then fled on foot.

About this same time, a neighbor, Jeffery Williams, who was acquainted with West, saw West running through his yard. The police were called, and West was apprehended at his home a short time later. After having given West's name to police on the night of the burglary, Dix then positively identified West from a photographic lineup a few days later. This evidence was sufficient to authorize the jury's finding that West committed the offense of burglary beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. West argues that it was error to admit Dix's in-court identification of him, as this identification was based upon her earlier selection of him from an impermissibly suggestive pre-trial photographic lineup. However, at trial, West did not object to any testimony based upon the identification, or to the admission of the photographic lineup. This issue was therefore not preserved for appeal. "Counsel may not idly sit by and watch when possible objectionable evidence is presented and on appeal claim error. It is necessary, in order to make the same a basis for appellate review that opposing counsel make proper objection or invoke some ruling of the court. A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal." (Citation omitted.) *Frink v. State*, 177 Ga. App. 604, 607 (2) (340 SE2d 631) (1986).

Even had West objected to this identification, there was no error. Because the pre-trial photographic lineup did not create a substantial likelihood of irreparable misidentification, the in-court identification was not rendered inadmissible. See *Nicholson v. State*, 265 Ga. 711, 712-713 (2) (462 SE2d 144) (1995) (setting forth factors for evaluating admissibility of identification by pre-trial photographic lineup). Dix, the victim in this case, knew West, and she gave his name to police on the night of the incident as the perpetrator. Dix fully and completely viewed West at the time of the crime, paid close attention to him as he stood at her front door, accurately described him to the police immediately following the incident, and was certain about her identification of West. Under the standards set forth in *Nicholson*, supra, there was no error in admitting Dix's pre-trial identification of West, and this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 3, 1997.

*Cork & Cork, Patrick C. Cork, James W. Lovett*, for appellant.

*H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.