A97A1641. KAPUA v. THE STATE.
(491 SE2d 387)

BLACKBURN, Judge.

Ronald Cleto Kapua appeals his convictions on two counts of child molestation and one count of cruelty to children, asserting that the evidence was insufficient to support the verdict. He also raises issues of prosecutorial misconduct and ineffective assistance of counsel.

1. Kapua contends that the trial court erred in denying his motion for new trial on the grounds that the verdict was contrary to the evidence and principles of justice and equity and was strongly against the weight of the evidence. See OCGA §§ 5-5-20; 5-5-21. However, "[t]he denial of a new trial on these grounds addresses itself to the discretion of the trial judge. On appeal, this Court only reviews the evidence to determine if there is sufficient evidence to support the verdict, which is a matter of law, not discretion." (Citation omitted.) *Jones v. State*, 219 Ga. App. 780 (1) (466 SE2d 667) (1996). "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. . . . To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Punctuation omitted.) *West v. State*, 224 Ga. App. 190 (1) (480 SE2d 238) (1997).

Kapua contends that the evidence was insufficient to support his conviction because the victim, his stepdaughter, denied at trial that the acts of molestation occurred. For the reasons discussed below, however, this contention is without merit.

Pursuant to OCGA § 24-3-16, which allows admission of hearsay statements of a child relating to acts of sexual contact or physical abuse, the State introduced evidence of out-of-court statements made by the child relating to acts of molestation by Kapua. Elizabeth White, the child's school counselor, testified that the child told her Kapua had touched her on her breasts, buttocks, and "private parts." She testified that the child told her Kapua had also exposed himself to her and asked her to touch his private parts. The child said this had occurred on several occasions. White testified that the child later repeated these statements in more detail in a meeting with White and two other individuals, Kathy Kolberg of the Fannin County Department of Family & Children Services (DFACS) and Diane Davis of the Fannin County Sheriff's Department.

Dr. David Jones, a psychologist who counseled the child, testified that the child told him Kapua touched her on the breasts, anus, and vagina. She told him this had happened nine or ten times, and that many times Kapua had asked her to touch his penis. Jones testified that he counseled the child on a regular basis, and that she confirmed these accounts on at least two subsequent occasions.

Kathy Kolberg, the DFACS caseworker, testified that she and Diane Davis interviewed the child on February 25, 1995, at the DFACS office. This interview was videotaped, and the tape was introduced into evidence and played before the jury. In the tape, the child repeated her accusations that Kapua touched her on the breasts, buttocks, and vagina.

At trial, however, the child, who was then ten years old, denied that Kapua had touched her anywhere except the chest and denied telling Davis and White that Kapua had touched her anywhere else. She testified that she never touched Kapua's private parts and denied ever telling anyone that she had. She testified that she had not talked with Dr. Jones about Kapua touching her.

Although the child's trial testimony contradicted her statements in the videotape and the testimony that she had told others of Kapua's actions, this does not render the evidence insufficient to support the verdict. OCGA § 24-3-16 "requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony." *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85) (1991). See also *Braddy v. State*, 205 Ga. App. 424, 425 (2) (422 SE2d 260) (1992). "[C]onflicts between the videotaped statement and the testimony of the child at trial would not necessarily render the former inadmissible, but would rather present a question of credibility

of the witness to be resolved by the trier of fact, here the jury." *Ware v. State*, 191 Ga. App. 896, 897 (2) (383 SE2d 368) (1989). "The thrust of the child witness statute is to allow the jury, which must be convinced of guilt beyond a reasonable doubt, to judge the credibility of a child's accusations. If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility." (Citation and punctuation omitted.) *Jones*, 200 Ga. App. at 103.

There was evidence from which the jury could have concluded that the child was pressured by her family to change her testimony at trial. After DFACS raised allegations of child abuse, the child's mother and natural father went to see the child, who was staying with her great-grandmother. After the mother left, the police were called to the house. Officer Harrison testified that the great-grandmother told him the mother had brought a tape recorder and attempted to get the child to deny that anything had happened. According to the great-grandmother, the mother would ask a question, then tell the child how to respond. If the child did not give the proper answer, the mother would spank her and the child would cry. Officer Harrison also testified that the child confirmed these facts to him.

At trial, the great-grandmother denied that she had made such a statement to Harrison and denied that the mother had tape-recorded the child. However, "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes. . . . [T]he jury can determine whether to believe the present testimony, the prior testimony — or neither." *Gibbons v. State*, 248 Ga. 858, 862-863 (286 SE2d 717) (1982). Accordingly, the great-grandmother's statement to Harrison regarding the mother's actions was admissible as substantive evidence and not merely for impeachment of the great-grandmother's trial testimony. The jury could have believed Harrison's account of the great-grandmother's prior statement and could have concluded that the mother did seek to coerce the child into changing her story.

Although the evidence in this case was conflicting, it is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court "determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *West*, supra at 190 (1). Viewed in the light most favorable to the prosecution, the evidence was sufficient to enable the jury to conclude beyond a reasonable doubt that Kapua was guilty of the offenses

charged. See generally *Frazier v. State*, 195 Ga. App. 109 (2) (393 SE2d 262) (1990).

2. In several enumerations, Kapua asserts error with respect to a sequence of questions asked by the prosecutor to a witness. Elizabeth White testified that the child described Kapua's actions in a meeting with White, Kolberg, and Davis. The prosecutor then asked, "were you able to evaluate based upon your training and experience what this child told you?" Kapua's attorney objected to the question "as being the ultimate conclusion for this jury to decide" and because White had not been tendered as an expert. The judge stated that, "The question as asked, I sustain the objection at this time." The prosecutor then asked, "What evaluation did you make of what she told you? I'll ask it that way." Kapua's attorney did not object to this phrasing of the question, and the witness responded, "I felt like — if you mean whether or not she was being truthful, I didn't have any doubt that the child was being truthful." Kapua's attorney did not object to White's response, request that her testimony be stricken, or request any other relief.

Kapua contends that the court erred in allowing White to testify as to the truthfulness of the child, arguing that such testimony amounted to improper bolstering of the child's credibility. See *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994). However, "[i]t is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." (Citation and punctuation omitted.) *Jackson v. State*, 217 Ga. App. 485, 488 (4) (a) (458 SE2d 153) (1995). Accordingly, this contention is without merit.

Kapua also contends that the asking of the second question, after the sustaining of his objection to the earlier question, constituted prosecutorial misconduct entitling him to a mistrial. However, our Supreme Court has held that "[t]he contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct. . . . [P]rosecutorial conduct not objected to at trial will not warrant reversal on appeal." *Spencer v. State*, 260 Ga. 640, 646 (9) (398 SE2d 179) (1990). Contrary to Kapua's contention, the trial court did not err in failing sua sponte to grant a mistrial or rebuke the prosecutor. "Since no motion for mistrial or request for corrective instructions was made in [this instance, it provides] no ground for reversal. [Cit.]" (Punctuation omitted.) *Davis v. State*, 167 Ga. App. 764, 765 (2) (307 SE2d 546) (1983); see also *Phillips v. State*, 162 Ga. App. 199, 200 (4) (290 SE2d 142) (1982).

Kapua also contends that he received ineffective assistance of

counsel because his trial attorney did not renew his objection to White's testimony or move for a mistrial. "However, defendant's trial counsel was not heard on this issue at the motion for new trial hearing, and for this reason, there is nothing for us to address on appeal. *Williams v. State*, 251 Ga. 749, 809 (20) (312 SE2d 40) [(1983)]." *Sterling v. State*, 223 Ga. App. 490, 491 (478 SE2d 145) (1996).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED AUGUST 5, 1997 —
RECONSIDERATION DISMISSED AUGUST 20, 1997.

*J. Richardson Brannon*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.