### A98A2214. MADDOX v. THE STATE.
(511 SE2d 294)

BEASLEY, Presiding Judge.

Maddox was convicted of deposit account fraud which, under OCGA § 16-9-20 (a), a person commits by making or delivering an instrument for the payment of money on any bank or other depositary in exchange for "a present consideration or wages," knowing the drawee would not honor it.

The accusation alleged that on or about December 5, 1997, he unlawfully made and delivered a certain check in the amount of $2,000 drawn on his account at a named bank "in exchange for a present consideration, to wit: wages," with the essential knowledge. Maddox challenges the sufficiency of the evidence because of a variance between the allegation that the check was given for wages and the proof showing it was in payment for goods and services.

The victim Barber is a self-employed carpenter who did remodeling work on Maddox's home. Upon completion, Maddox paid Barber by the check. Barber deposited it into his checking account, but it was dishonored several times. Barber gave Maddox notice pursuant to OCGA § 16-9-20 (a) (2) that the case would be prosecuted if the check was not paid within ten days. No payment resulted. Maddox testified in defense that he gave the check to Barber with the express understanding that funds to cover the check would not be deposited in his account for another week, that he was unable to deposit the funds by the week's end and tried unsuccessfully to contact Barber to resolve the matter, and that he did not pay when Barber contacted

---

[11] *Finney v. Blalock*, 206 Ga. 655, 660 (3) (58 SE2d 429) (1950).
[12] 240 Ga. 359, 364 (3) (a) (240 SE2d 858) (1977).

him weeks later because work was undone and repairs were needed.

Denial of the motion for directed verdict of acquittal is assigned as error on the ground the evidence that Barber is an independent contractor and not an employee of Maddox's means the check was given in exchange for goods and services, rather than for wages as the accusation alleged. Maddox relies on *Hutto v. State*.[1] Hutto issued a check, subsequently dishonored, to landscape subcontractors performing services to Hutto's partnership in payment for services rendered four to six weeks before the check was issued. Division 1 of the opinion held that the requisite of present consideration was not met. Division 2 defined the term "wages," as used in OCGA § 16-9-20, as connoting an employer-employee relationship. Since the subcontractors in *Hutto* were not partnership employees, the court held that the check issued by Hutto was not given in exchange for wages. His conviction of deposit account fraud was accordingly reversed. Maddox's case is distinguishable because the evidence shows he gave the dishonored check to Barber in exchange for a present consideration, albeit goods and services rather than wages. The evidence thus supports the conviction.

The variance between the allegations and proof was not fatal. "[T]he rule that 'allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' "[2] Maddox's defense was in no way prejudiced by any variance between the allegations of the accusation and proof at trial, and he clearly stands protected against another prosecution for the offense charged.[3]

---

[1] 198 Ga. App. 325 (401 SE2d 339) (1991).

[2] *Walker v. State*, 146 Ga. App. 237, 240-241 (1) (b) (246 SE2d 206) (1978).

[3] See *McCarty v. State*, 157 Ga. App. 336 (1) (277 SE2d 259) (1981) (variance between allegation and proof as to lot number of burglarized mobile home not fatal); *Belcher v. State*, 161 Ga. App. 442, 443 (1) (288 SE2d 299) (1982) (where cocaine-trafficking indictment alleged that defendant was in possession of more than 28 grams of cocaine, with such offense being committed whether the cocaine is in pure form or is merely present in a mixture containing other substances, state was only required to prove that substance which defendant possessed weighed more than 28 grams and contained cocaine); *Kelly v. State*, 188 Ga. App. 362 (2) (373 SE2d 63) (1988) (where indictment charged defendant with armed robbery of victims A and B, state was not required to prove that defendant robbed victim A in order to support charge that he robbed victim B); *Adside v. State*, 216 Ga. App. 129 (1) (453 SE2d 139) (1995) (no fatal variance between allegation that defendant obstructed law enforcement officers by attempting to run from them and proof that he abruptly moved away from them); compare *Cantrell v. State*, 162 Ga. App. 42 (1) (290 SE2d 140) (1982) (fatal variance resulted from allegation that defendant forged the name of named individual who was payee of a check and proof that such individual was co-endorsee of check and only the signature of the other endorsee was forged); *Ross v. State*, 195 Ga. App. 624 (1) (b) (394 SE2d 418) (1990)

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 3, 1999.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Peter J. Skandalakis, District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.

---

(fatal variance between allegation that defendant committed aggravated sodomy by putting his mouth on the sexual organ of the victim and proof that he forced her to perform oral sex upon and have anal sex with him).