## A99A2424. WILDER v. THE STATE.
### (526 SE2d 883)

BLACKBURN, Presiding Judge.

Following a jury trial, Frances C. Wilder appeals her conviction of arson. Wilder contends that the evidence was insufficient to establish her guilt beyond a reasonable doubt.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Punctuation omitted.) *West v. State*, 224 Ga. App. 190 (1) (480 SE2d 238) (1997).

Viewed in the light most favorable to support the verdict, the evidence reveals that Wilder directed her son and another woman to burn Wilder's house. Wilder promised that she would pay off her son's probation fees and pay the accomplice $2,500 from the proceeds of the insurance on the house. Both Wilder's son and the accomplice testified that Wilder told them to burn the house. The State introduced letters written by Wilder from prison to her son and the accomplice. The letters emphatically stated that " '[t]he house needs to be done by 3/23/98. . . . You can have the lights turned on or burn it without them being on. It doesn't matter.' " Additionally, despite the fact that the house was virtually empty when it was burned, Wilder submitted a claim under her homeowner's insurance for $81,243 worth of contents.

Although Wilder testified that she was not involved in the arson and that she did not intend for anyone to burn her house, it is well settled "that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited." (Punctuation omitted.) *Cooper v. State*, 232 Ga. App. 461, 462-463 (1) (502 SE2d 306) (1998). The jury in this case obviously chose

to disbelieve Wilder's testimony and convicted her based on the corroborated testimony of the accomplices. Therefore, the evidence was sufficient to support the jury's determination of Wilder's guilt of arson. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 8, 1999.

*Robert M. Bearden, Jr.*, for appellant.

*Charles H. Weston, District Attorney, Myra Y. Christian, Assistant District Attorney*, for appellee.