## A00A0732. WOODS v. THE STATE.
### (535 SE2d 524)

ELLINGTON, Judge.

A Pike County jury convicted Steve Woods of two counts of child molestation, OCGA § 16-6-4 (a). The jury acquitted Woods of a third molestation charge. Woods appeals from the judgment of conviction. We affirm one of the convictions but reverse the other after finding a fatal variance as to the indictment.

Woods contends that the evidence was insufficient to support his convictions.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193 (1) (491 SE2d 387) (1997). Specifically, Woods contends that his convictions must be reversed because there was a fatal variance between the allegations of the indictment and the State's proof at trial.

> Our courts no longer employ an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a

variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal.

(Citation and punctuation omitted.) *Buice v. State*, 239 Ga. App. 52, 58 (4) (520 SE2d 258) (1999). See also *Maddox v. State*, 236 Ga. App. 209, 210 (511 SE2d 294) (1999).

1. Count 2 of the indictment stated that Woods "placed his hand on [A. P.'s] vagina." The evidence presented included A. P.'s statement that Woods touched her "where I didn't need to be touched" when she was nine years old. The State asked "Where is that?" A. P. then pointed between her legs. "Right here," she said. A. P. also testified that Woods "tickle[d]" her "in a spot that he didn't need to tickle [me]." According to A. P., Woods told her that he would put her in the hospital if she told anyone.

Even so, A. P. told a family member and friend that Woods put his fingers between her legs and touched her when she sat on his lap while watching cartoons. See OCGA § 24-3-16 (child hearsay statute). A. P.'s mother testified that she took A. P. to a physician soon after she found out about the molestation. The physician discovered that A. P.'s hymen had been penetrated and broken. The mother testified that she could not remember any accidents that could have caused that to happen.

During the subsequent police investigation, Woods initially denied touching A. P. inappropriately. According to the investigating officer, Woods eventually admitted that he "molested" A. P., but when pressed for details, Woods recanted his confession and ended the interview.

We find that there was no fatal variance in Count 2 of the indictment, and that the totality of the evidence presented was sufficient for a jury to find Woods guilty beyond a reasonable doubt of molesting A. P. when he "placed his hand on [her] vagina." *Buice v. State*, 239 Ga. App. at 58 (4); *Kapua v. State*, 228 Ga. App. at 193.

2. The evidence was insufficient, however, to support a conviction under Count 3 of the indictment, which charged that Woods molested 12-year-old C. P. when he "fondle[d]" her vagina. C. P. never testified that Woods fondled or even touched her genitalia. According to the family and friends who served as outcry witnesses, C. P. never

reported that Woods touched her genitalia.[1] The only evidence to support that Woods made *any* contact with C. P.'s genitalia was Woods' vague admission that he accidentally touched C. P. between her legs while lifting her onto his back as they played.

Although C. P. testified at trial that Woods made her touch his penis, he was not charged in the indictment with that act of molestation.[2] Accordingly, Woods cannot be convicted on the basis of allegations of which he had no notice prior to trial. *Buice v. State*, 239 Ga. App. at 58 (4). Further, we find that there was insufficient evidence to support Count 3 of the indictment, which charged that Woods "fondle[d]" C. P.'s vagina, and Woods' conviction on that count must be reversed. *Kapua v. State*, 228 Ga. App. at 193.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JUNE 7, 2000.

*Walker L. Chandler*, for appellant.
*William T. McBroom III, District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.

---

[1] One outcry witness testified that another child reported seeing Woods touch "other girls she knew" between the legs, but the "other girls" were never identified.

[2] Further, the police officer's testimony regarding Woods' confession that he "molested" C. P. adds nothing to the determination of whether a fatal variance existed as to this count, as it does not identify the manner in which Woods molested C. P. See OCGA § 16-6-4 (a).