A01A2371. CASH v. THE STATE.
(563 SE2d 459)

JOHNSON, Presiding Judge.

A jury found JoAnn Cash guilty of two counts of Medicaid fraud. She appeals from the convictions entered on the jury's verdict challenging, among other things, venue and the sufficiency of the evi-

---

dence. The critical issues in this case are controlled by the Supreme Court of Georgia's decision in *State v. Johnson*[1] and this court's recent decision in *Culver v. State*.[2] Because the state failed to meet its burden of establishing venue beyond a reasonable doubt, we reverse Cash's convictions. Yet, because the state presented sufficient evidence of her guilt, the double jeopardy clause does not preclude the state from retrying her in the proper county.

1. Cash contends that the evidence was insufficient to prove she committed Medicaid fraud as alleged in the indictment. Specifically, she claims there was no evidence that she received any medical assistance funds in Glynn County. Instead, she says, the evidence shows that all of the funds went either to the business' Atlanta-area office or to the psychologists she employed. While the evidence did not establish that Cash received any medical assistance funds in Glynn County, it was sufficient to prove she committed the charged offenses.

The indictment charged Cash with committing Medicaid fraud, in violation of OCGA § 49-4-146.1, by obtaining, in Glynn County, for herself and other persons, medical assistance payments to which she was not entitled by participating in a fraudulent scheme. In describing the scheme, the state alleged in Count 1 that Cash recruited children to a business she founded, Hand-in-Hand Counseling Services, Inc., for tutoring and social-type services which were not reimbursable under Georgia's Medicaid program. The state alleged that Cash submitted to Georgia's Department of Medical Assistance bills for psychological therapy services provided by Dr. Sandra Sims-Patterson, a psychologist who worked as a consultant for the Atlanta-area office of Hand-in-Hand, to 90 Glynn County children, and that Cash accepted payments from the Department for these services, even though the psychological services were not actually provided to the children.

In Count 2, the state alleged that Cash hired psychologist Thomas McCloud to work in the Brunswick office of Hand-in-Hand, that Hand-in-Hand provided only nonreimbursable types of social services to the children, that Cash submitted bills to the Department under Dr. McCloud's provider number for psychological services allegedly provided on days Dr. McCloud was not working, and that Cash accepted payments for psychological services which were not actually provided to the children.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict, and the appellant no longer

---

[1] 269 Ga. 370 (499 SE2d 56) (1998).

[2] 254 Ga. App. 297 (562 SE2d 201) (2002).

enjoys a presumption of innocence.[3] To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of guilt beyond a reasonable doubt.[4]

Viewing the evidence in a light most favorable to the verdict, the evidence shows that Cash founded a counseling service called Hand-in-Hand Counseling Services, Inc. One office was located in College Park (Fulton County), and another was located in Brunswick (Glynn County). Medicaid policies provide that fees for psychological services are reimbursable when the services are provided by an enrolled psychologist; fees for services provided by counselors, teachers or unlicensed personnel are not reimbursable. Hand-in-Hand's files indicate that about 50 percent of the time, counselors rather than licensed psychologists treated the children at Hand-in-Hand. Cash, however, sought Medicaid reimbursement payments for psychological services even though the services were provided by personnel other than psychologists. In all, Hand-in-Hand received over $1 million in medical assistance funds to which it was not entitled.

Cash argues that the evidence was insufficient to prove the allegations contained in the indictment because there was no proof that *she* received the funds or that she received the funds in *Glynn County*. She says that the evidence shows that the funds were sent to Hand-in-Hand's Fulton County office rather than its Glynn County office.

Our courts no longer employ an overly technical application of the fatal variance rule; instead we focus on materiality, and whether there has been such a variance as to affect the substantial rights of the accused.[5] The underlying reasons for the fatal variance rule which must be served are: (1) the allegations must definitely inform the accused as to the charges against her so as to enable her to present a defense and not be taken by surprise; and (2) the allegations must be adequate to protect the accused against another prosecution for the same offense.[6] If the allegations meet these tests, there is no fatal variance.[7]

Here, there was evidence that the Medicaid reimbursement checks were received by Hand-in-Hand at one of its two offices, that Cash in fact received the funds that came to Hand-in-Hand as a result of the Medicaid billing, and that some of the documentation and services which provided the basis for Hand-in-Hand's reimbursement originated in the Glynn County office. It is clear from the evi-

---

[3] *Woods v. State*, 244 Ga. App. 359 (535 SE2d 524) (2000).

[4] Id.

[5] Id. at 359-360.

[6] Id. at 360.

[7] Id.

dence that any variance as to which of the two offices received the funds did not affect Cash's substantial rights, that the allegations definitely informed Cash of the charges against her, and that the allegations were adequate to protect her against another prosecution for the same offenses.[8] There was no fatal variance between the allegations contained in the indictment and the proof introduced at trial. Moreover, the evidence presented was sufficient for a jury to find Cash guilty beyond a reasonable doubt of committing two counts of Medicaid fraud.[9]

2. Cash correctly contends that venue was not proper in Glynn County. Venue in a criminal case properly lies in the county where the crime occurred.[10] Venue must be proven by the state beyond a reasonable doubt, and, if it is not proven, the verdict is contrary to law, is without a sufficient evidentiary basis, and must be reversed.[11]

This Court recently examined the exact issue raised here: Where does venue lie in a case in which a defendant is charged with fraudulently obtaining medical assistance payments in violation of OCGA § 49-4-146.1 (b) (1) (C)? As we explained in *Culver v. State*,[12] the crime of obtaining or attempting to obtain medical assistance payments to which one is not entitled occurs in the county where the reports are *submitted and processed* in an attempt to obtain medical assistance payments, not where the scheme underlying the billings took place.[13] Accordingly, the trial court erred in denying Cash's motion to dismiss for improper venue since the case should not have been prosecuted in Glynn County.

Interestingly, Cash does not indicate in her appellate brief the county or counties in which venue properly lies. According to the state's brief before the trial court and as acknowledged in the trial court's order on Cash's motion to dismiss, Hand-in-Hand submitted its bills to Medicaid's fiscal agent in DeKalb County and the checks were issued from the DeKalb County location. Cash does not dispute this. Therefore, according to the record, venue was proper in DeKalb County.[14] Nonetheless, because there was sufficient evidence of Cash's guilt of the charged offenses, the prohibition against double jeopardy does not preclude Cash's retrial, so long as she is retried in the proper forum.[15]

---

[8] Id.

[9] See *Bullard v. State*, 242 Ga. App. 843, 844 (2) (530 SE2d 265) (2000).

[10] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).

[11] Id. at 901-902.

[12] Supra.

[13] Id. at 302-303 (1) (b), citing *State v. Johnson*, 269 Ga. 370, 372 (2) (499 SE2d 56) (1998).

[14] See *Culver*, supra.

[15] See *Jones*, supra at 900-901.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 13, 2002 —
RECONSIDERATION DENIED APRIL 4, 2002 — ▮▮▮▮▮▮▮▮

*James A. Yancey, Jr.*, for appellant.
*Stephen D. Kelley, District Attorney, Thurbert E. Baker, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Nancy B. Allstrom, Michael D. Johnson, Assistant Attorneys General,* for appellee.