## A01A2371. CASH v. THE STATE.
(581 SE2d 726)

JOHNSON, Presiding Judge.

Relying upon our holding in *Culver v. State*,[1] we decided in this case that venue in a Medicaid fraud case brought pursuant to OCGA § 49-4-146.1 (b) (1) (C) was proper in the county in which the defendant submitted and the state processed the fraudulent claims.[2]

In *State v. Kell*,[3] the Supreme Court reversed the decisions in *Culver* and *Cash*, holding that prosecutions for Medicaid fraud cases brought under OCGA § 49-4-146.1 (b) (1) (C) may be brought in any county in which an act in furtherance of the crime took place. Thus, venue was proper not only in the county in which the claims were processed, but also in the county in which the fraudulent documentation was generated.

Accordingly, our decision in Division 2 of *Cash v. State* is vacated, the judgment of the Supreme Court is made the judgment of this Court, and the judgment of the trial court as to venue is affirmed. Our decision as to Division 1, sufficiency of the evidence, is not affected.

*Judgment affirmed. Ruffin, P. J., and Ellington, J., concur.*

DECIDED MAY 2, 2003.

*James A. Yancey, Jr.,* for appellant.

*Stephen D. Kelley, District Attorney, Thurbert E. Baker, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Nancy B. Allstrom, Michael D. Johnson, Assistant Attorneys General,* for appellee.

---

[1] 254 Ga. App. 297, 302-303 (1) (b) (562 SE2d 201) (2002).

[2] *Cash v. State*, 254 Ga. App. 718 (563 SE2d 459) (2002).

[3] 276 Ga. 423 (577 SE2d 551) (2003).